UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES of AMERICA, | : |
| Plaintiff, | : |
| v. | : File No. 1:11-cr-145-jgm-1 |
| ISAAC OWUSU, | : |
| Defendant. | : |

ORDER DENYING DEFENDANT'S MOTION TO COMPEL
GOVERNMENT TO IMMUNIZE WITNESS AND
DEFENDANT'S DISCOVERY MOTIONS
(Docs. 20, 14-19)

Defendant Isaac Owusu, charged with possession with intent to distribute cocaine base, moves to compel the government to immunize Jaime Langlais, who is charged separately with possession and distribution. (Doc. 20.) He also moves for disclosure of agreements between the government and government witnesses (Doc. 14); for disclosure of exculpatory evidence (Doc. 15), to preserve evidence (Doc. 16); for pre-trial production and inspection of exculpatory or favorable information, or information leading to it (Doc. 17); for production of non-witness interview reports (Doc. 18); and for notice regarding the government's intent to rely on other crimes evidence (Doc. 19). For the reasons that follow, the motions are denied.

Regarding the motion to compel the government to immunize Langlais, Defendant has failed to meet the stringent test enunciated in United States v. Burns, 684 F.2d 1066, 1077 (2d Cir. 1982). He has not demonstrated (1) that the Government has engaged in "discriminatory use of immunity to gain a tactical advantage," or through overreaching, forced a witness to invoke

the Fifth Amendment; and (2) that Langlais' testimony will be material, exculpatory, and not cumulative, and that it is not obtainable from any other source. See id. Mr. Owusu wishes to introduce evidence Ms. Langlais made post-arrest statements that Mr. Owusu was not a source of the controlled substances she is alleged to have sold or possessed. The Court notes that Ms. Langlais is a defendant in a separate prosecution and is not cooperating with the government. The fact that she is a target of a prosecution is sufficient grounds for denying Defendant's motion. See United States v. Turkish, 623 F.2d 769, 778 (2d Cir. 1980) (noting trial courts "should summarily reject" immunity requests for "actual or potential" prosecution targets). Mr. Owusu has not established that extraordinary circumstances satisfying the Burns test warrant relief. He is not charged with distributing controlled substances to Langlais, and her statement that neither he nor others in his residence were her supply source is immaterial to his defense and not exculpatory. Therefore, the motion to compel immunity for Langlais is denied.

Regarding Owusu's six discovery motions, the government points out that this District's Local Rules 16(a)(2) and 16(d)(1) respectively require production of Brady material within 14 days of arraignment, and production of Giglio impeachment materials not less that 14 days before jury selection. The government contends it has already produced all arguably exculpatory information and is not aware of other Brady material that should be produced. Owusu has not demonstrated circumstances warranting a departure from the disclosure schedule provided for by the Local Rules. Furthermore, Owusu has not demonstrated a basis for requiring the government to give notice regarding the other crimes or other bad acts evidence it intends to introduce under Federal Rule of Evidence 404(b) earlier than 14 days prior to jury selection, as prescribed by Local Rule 16(d)(2). Finally, regarding Owusu's request for early discovery of Jencks material

(prior statements by government witnesses), the government points out this request is barred by 18 U.S.C. § 3500(a) and Federal Rule of Criminal Procedure 26.2, which provide such material is not subject to production until a witness has testified on direct examination. In any case, the government's practice, though not required, is to produce Jencks material early, together with Giglio material. There is no basis for Owusu's other requests.

Therefore, Owusu's motion to compel the government to immunize a witness (Doc. 20) and his discovery motions (Docs. 14-19) are DENIED. This case shall be placed on the July 24, 2012 jury draw calendar.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 4th day of June, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge